ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, Esq., SBN #194963
Brett P. Ryan, Esq., SBN #200563
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile (714) 277-4899
Email jdamen@rcolegal.com

RCO No.: 7021.41990
Attorneys for movant, HSBC BANK USA, N. A., AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, its assignees and/or successors in interest

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Abdul Ghafar and<br>Fauzia Fazal Ghafar<br><br>Debtor(s). | Bk. No. 09-40678-RJN<br>R.S. No.: JJD-658<br>Judge Randall J. Newsome<br>**Chapter 13**<br><br>*MOTION FOR RELIEF FROM AUTOMATIC STAY*<br><br>Preliminary Hearing:<br>Date: October 20, 2010<br>Time: 10:30 am<br>Place: U.S. Bankruptcy Court<br>1300 Clay St.<br>Oakland, CA 94612<br>Courtroom 220 |

**I. Introduction**

MOTION FOR RELIEF FROM STAY

1

COMES NOW, HSBC BANK USA, N. A., AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AR3 MORTGAGE PASS-THROUGH CERTIFICATES, its assignees and/or successors in interest ("Movant") and moves this court for an order under 11 U.S.C. §362 terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and/or statutory remedies incident to its security interests held in real property commonly described as **8777 WEST MAULE AVENUE #2154, LAS VEGAS, NV 89148** ("Property") and legally described in the Deed of Trust. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workouts/loss mitigation agreement and to contact the Debtors via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. Parties in Interest

On or about December 15, 2006, Abdul Ghafar and Fauzia Fazal Ghafar, executed and delivered a note in the original principal amount of $220,900.00. The indebtedness under the Note is secured by a first Deed of Trust recorded against the Property ("Deed" hereinafter). Movant is the beneficiary under the Deed of Trust.

Abdul Ghafar and Fauzia Fazal Ghafar ("Debtors" collectively hereafter) filed for protection under Chapter 13 of Title 11 of the United States Code on January 30, 2009.

Martha G. Bronitsky is the duly appointed Chapter 13 Trustee in the case.

## III. Post-Petition Default and Estimate of Obligation

As of the date of this motion, the Debtors have accumulated the following post-petition defaults:

**MOTION FOR RELIEF FROM STAY**

2

| 16 Payments from June 1, 2009 to September 1, 2010 @ $1,525.71 each | $24,411.36 |
|---|---|
| Attorney Fees & Costs | $800.00 |
| Total Post Petition Due | **$25,211.36** |

The approximate amount owed under the terms of the note is as follows:

| Principal Balance | $215,781.50 |
|---|---|
| Total Post-Petition Due | $25,211.36 |
| Approximate Total Due | **$240,992.86** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Movant's counsel directly for a reinstatement quote.

### IV. Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause". Significant default under the terms of a Chapter 13 Plan is "cause" sufficient to terminate the automatic stay. See In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985). In this case, Debtors have failed to make 16 post-petition monthly payments to Movant as prescribed and is thus in default under the terms of the Chapter 13 Plan. Therefore, "cause" exists to terminate the automatic stay.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtors and Debtors' bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments;

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. That the fourteen (14) day stay under Bankruptcy Rule 4001(a)(3) be waived;

5. That any fees and costs incurred in the prosecution of this motion may be assessed consistent with the terms of the underlying Note and Deed of Trust; and

6. For such other relief as the Court deems proper.

Date: September 27, 2010

Respectfully submitted,
ROUTH CRABTREE OLSEN, P.S.

By: /s/ Jonathan J Damen
Jonathan J Damen, ESQ.
Attorneys for Movant